UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
DEC 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

VICTOR HAYES )
6200 BREEZEWOOD DR. )
APT. 304 ) CASE NUMBER 1:06CV02207
GREENBELT, MD 20770 )
301.520.5404 ) JUDGE: Colleen Kollar-Kotelly
) DECK TYPE: Employment Discrimination
Plaintiff, )
V. ) DATE STAMP: 12/26/2006
)
ELAINE CHAO ) **JURY TRIAL DEMANDED**
SECRETARY, U.S. DEPARTMENT OF LABOR )
200 CONSTITUTION AVE., N.W. )
WASHINGTON, DC 20210 )
)
Defendant. )
)

**JURY ACTION**

## VERIFIED COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., against Defendant Elaine Chao, Secretary, U.S. Department of Labor for employment discrimination on the basis of race, color, sex, and retaliation for prior EEO activity for failure to correct Plaintiff Victor Hayes' annual and sick leave balances.

### JURISTICTION AND VENUE

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court because Defendant is located in the District of Columbia, and all relevant actions took place in the District of Columbia.

## PARTIES

4. Plaintiff Victor Hayes ("Hayes") is a male citizen of the United States who resides in Maryland. He was an employee of the U.S. Department of Labor, Bureau of Labor Statistics, Office of Publications and Special Studies in Washington, DC from July 20, 1997 until December 13, 2002 in the capacity of Economist.

5. Defendant Elaine Chao, Secretary, U.S. Department of Labor ("DOL") is a government entity that employed Plaintiff Hayes.

## FACTUAL BASIS OF COMPLAINT

6. Plaintiff Hayes resigned from the Department of Labor on December 13, 2002.

7. Plaintiff Hayes has worked for private industry since he resigned from the Department of Labor on December 13, 2002.

8. In April 2005 while preparing to reenter federal employment, Plaintiff Hayes wanted to verify his annual and sick leave balances to verify that Defendant DOL had corrected his annual and sick balances after his separation of employment from Defendant DOL on December 13, 2002.

9. After several correspondences with Defendant DOL in April 2005 regarding the location of Plaintiff Hayes' audit of his annual and sick leave balances, Plaintiff Hayes was reasonably suspicious that Defendant DOL was being discriminatory against him when Defendant DOL alleged that it could not locate his Official Personnel File ("OPF") which should have contained a signed and verified audit of his annual and sick leave balances.

10. On April 27, 2005 Plaintiff Hayes sent Defendant DOL's employees Elaine Chao and Mike Allen an e-mail raising his suspicions regarding the missing signed and verified audit of his annual and sick leave balances which should have been contained in his OPF.

11. After Defendant DOL received Plaintiff Hayes' April 27, 2005 e-mail regarding his missing signed and verified audit of his annual and sick leave balances, Defendant DOL surreptitiously began an audit of Plaintiff Hayes' annual and sick leave balances on April 28, 2005.

12. The audit Defendant DOL began on April 28, 2005 was completed on June 1, 2005. From this point forward, when there is a reference to the "June 1, 2005 audit" regarding Plaintiff Hayes, this refers to the audit of Plaintiff Hayes' annual and sick leave balances that was ongoing from April 28, 2005 until its completion on June 1, 2005.

13. This June 1, 2005 signed and verified audit was the first and only audit of Plaintiff Hayes' annual and sick leave balances while he was employed in Defendant DOL's Office of Publications and Special Studies.

14. In early May 2005 Plaintiff Hayes knew Defendant DOL was being discriminatory against him regarding the missing audit of his annual and sick leave balances from his OPF so he contacted Lillian Winstead at Defendant DOL's Civil Rights Center and addressed his concerns.

15. Ms. Winstead at Defendant DOL's Civil Rights Center advised Plaintiff Hayes to try to resolve his concerns with his employing agency under Defendant DOL regarding the missing signed and verified audit of his annual and sick leave balances.

16. Plaintiff Hayes sent Defendant DOL an e-mail on May 6, 2005 expressing his concerns regarding his missing signed and verified audit of his annual and sick leave balances.

17. On May 9, 2005 Defendant DOL's employee David Peña responded to Plaintiff Hayes' May 6, 2005 e-mail.

18. Because Defendant DOL did not have a signed and verified audit of Plaintiff Hayes' annual and sick leave balances on file after Defendant DOL was put on notice regarding

an impending EEO escalation via Plaintiff Hayes' May 6, 2005 e-mail, Defendant DOL decided to stall for time while the forthcoming June 1, 2005 audit of Plaintiff Hayes' annual and sick leave balances was being completed by Defendant DOL.

19. This stalling tactic by Defendant DOL on May 9, 2005 involved sending Plaintiff Hayes a misleading response to Plaintiff Hayes' May 6, 2005 e-mail informing Plaintiff Hayes that Defendant DOL was physically in possession of a signed and verified audit of Plaintiff Hayes' annual and sick leave balances that was allegedly in Plaintiff Hayes' OPF and used to complete a government form called SF 1150 on April 11, 2003.

20. As Plaintiff Hayes later discovered, at the time of Defendant DOL's misleading May 9, 2005 e-mail, a signed and verified audit of his annual and sick leave balances did not exist at that time.

21. On May 9, 2005 Defendant DOL lied about the existence of a signed and verified audit of Plaintiff Hayes' annual and sick leave balances to stall for time and circumvent the EEO process while Plaintiff Hayes' audit of his annual and sick leave balances was clandestinely being completed by Defendant DOL.

22. Defendant DOL's employee Mike Allen refused to speak with Defendant DOL's EEO counselor during the informal investigation of Plaintiff Hayes' discrimination complaint.

23. Defendant DOL knew the forthcoming audit of Plaintiff Hayes' annual and sick leave balances was in process, and Defendant DOL would not be able to produce a copy of a signed and verified audit of Plaintiff Hayes' annual and sick leave balances if Defendant DOL's EEO counselor had requested a copy.

24. In June 2005 Defendant DOL's employee Peter Constantine reiterated Defendant DOL's stalling tactic regarding informing Plaintiff Hayes of a nonexistent signed and verified

audit of his annual and sick leave balances that Defendant DOL was allegedly in physical possession of in early May 2005.

25. Defendant DOL completed the audit of Plaintiff Hayes' annual and sick leave balances on June 1, 2005. Defendant DOL's June 1, 2005 audit completed by Tonya Roberts confirming a ¼ hour discrepancy in Plaintiff Hayes' sick leave balance was based on inaccurate starting annual and sick leave balances.

26. In addition, Defendant DOL's June 1, 2005 audit did not address Plaintiff Hayes' missing annual leave that represents compensation to Plaintiff Hayes when he returns to federal employment.

27. Plaintiff Hayes filed a formal complaint of discrimination with Defendant DOL's Civil Rights Center on July 18, 2005.

28. In December 2005, Defendant DOL's employee Mike Allen admitted that Defendant DOL completed Plaintiff Hayes' SF 1150 form dated April 11, 2003 without performing an audit of his annual and sick leave balances.

29. The SF 1150 is the official annual and sick leave record for federal employees who separate from federal employment. In order to complete Plaintiff Hayes' SF 1150 form dated April 11, 2003, Defendant DOL was supposed to perform an audit of Plaintiff Hayes' annual and sick leave balances as mandated by the Office of Personnel Management.

30. This revelation by Defendant DOL in December 2005 confirmed that several of Defendant DOL's employees lied regarding the existence of a signed and verified audit of Plaintiff Hayes' annual and sick leave balances prior to the June 1, 2005 audit.

31. Plaintiff Hayes received a Right To Sue Letter from the U.S. Equal Employment Opportunity Commission dated September 6, 2006.

## COUNT ONE

32. Plaintiff hereby incorporates as though restated each of the factual allegations stated in the foregoing paragraphs.

33. After inquiring Defendant DOL about Plaintiff Hayes' annual and sick leave balances in April 2005, Plaintiff Hayes contacted Defendant DOL's Civil Rights Center within 45 days when he realized something was amiss regarding the location of a signed and verified audit of his annual and sick leave balances.

34. Plaintiff Hayes' discriminatory suspicions in April 2005 proved to have basis because Defendant DOL began a clandestine audit of his annual and sick leave balances on April 28, 2005 after Defendant DOL realized that the Defendant DOL had completed Plaintiff Hayes' SF 1150 without performing an audit of Plaintiff Hayes' annual and sick leave balances.

35. Plaintiff Hayes was not aware of this June 1, 2005 clandestine audit of his annual and sick leave balances prior to filing his informal EEO discrimination complaint.

36. Plaintiff Hayes has been in limbo since April 2005 regarding reentering federal employment until this issue regarding his annual and sick leave balances has been resolved to his satisfaction.

37. As a direct and proximate result of Defendant DOL's actions, which include Defendant DOL's brazen lies regarding the existence of an audit of Plaintiff Hayes' annual and sick leave balances prior to the June 1, 2005 audit and Defendant DOL's inaccurate June 1, 2005 audit of his annual and sick leave balances, Plaintiff Hayes has suffered inconvenience, loss of income due to missed federal job opportunities, and irreparable damage to his federal leave balances, especially his annual leave balance that represents compensation when he returns to federal employment.

38. The direct result of Defendant DOL's actions justifies an award including, but not limited to damages and costs, expert witness fees, and reasonable attorney's fees as permitted.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Victor Hayes respectfully prays that this Court order the following relief:

a) Enter a declaratory judgment that Defendant Elaine Chao, Secretary, U.S. Department of Labor unlawfully violated Plaintiff Hayes' rights in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq;

b) Award to Plaintiff Hayes and against Defendant Elaine Chao, Secretary, U.S. Department of Labor damages in the amount of $10,00,000;

c) Award to Plaintiff Hayes and against Defendant Elaine Chao, Secretary, U.S. Department of Labor reasonable attorneys' fees, expert witness fees, costs, and disbursements associated with prosecution of this action; and

d) Award to Plaintiff Hayes such additional relief as justice may require.

_12 - 26 - 06_
(Date)

_Victor Hayes_
Victor Hayes
Plaintiff, Pro Se
6200 Breezewood Dr.
Apt. 304
Greenbelt, MD  20770

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR HAYES )<br>6200 BREEZEWOOD DR. )<br>APT. 304 )<br>GREENBELT, MD  20770 )<br>           Plaintiff, )<br>V. )<br>ELAINE CHAO )<br>SECRETARY, U.S. DEPARTMENT OF LABOR )<br>200 CONSTITUTION AVE., N.W. )<br>WASHINGTON, DC  20210 )<br>           Defendant. ) | Civil Action No.:_____<br><br>JURY TRIAL DEMANDED |

## ADDENDUM TO VERIFIED COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### ADDITIONAL FACTUAL BASIS OF COMPLAINT

1.    Plaintiff Hayes lodged his request to proceed *in forma pauperis* ("IPF") regarding this complaint for employment discrimination on December 4, 2006 with the United States Courthouse clerk's office.

2.    On December 19, 2006 the United States Courthouse clerk's office mailed Plaintiff Hayes the court's decision denying his request to proceed IPF.

3.    On December 22, 2006 Plaintiff Hayes received the court's decision denying his request to proceed IPF.

_12-26-06_
(Date)

_Victor Hayes_
Victor Hayes
Plaintiff, Pro Se
6200 Breezewood Dr.
Apt. 304
Greenbelt, MD  20770

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all issues of fact and damages.

                                                              Respectfully submitted,
                                                              Victor Hayes

_12-26-06_                                _/s/ Victor Hayes_
(Date)                                           Victor Hayes
                                                                   Plaintiff, Pro Se
                                                                   6200 Breezewood Dr.
                                                                   Apt. 304
                                                                   Greenbelt, MD  20770

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Victor Hayes,
Complainant,

v.

Elaine Chao,
Secretary,
Department of Labor,
Agency.

Request No. 05A60994

Appeal No. 01A61525
Agency No. 05-11-118

## DENIAL

Complainant timely requested reconsideration of the decision in *Victor Hayes v. Department of Labor*, EEOC Appeal No. 01A61525 (July 21, 2006). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A61525 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court.

**FILED**
06 2207
DEC 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2                                                                                                       05A60994

"Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

SEP - 6 2006
_____
Date

3                                                                    05A60994

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Victor Hayes
6200 Breezewood Dr., #304
Greenbelt, MD 20770-4105

Annabelle T. Lockhart, Director
Office of Civil Rights
Department of Labor
200 Constitution Ave., NW #N4123
Washington, DC 20210

SEP - 6 2006

_____
Date

_____
Equal Opportunity Assistant

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| VICTOR HAYES | ELAINE CHAO, SECRETARY, U.S. DEPARTMENT OF LABOR |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF PRINCE GEORGE'S 18868 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DISTRICT OF COLUMBIA (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Pro Se
Victor Hayes
6200 Breezewood Dr. #3
Greenbelt, MD 20770

CASE NUMBER 1:06CV02207
JUDGE: Colleen Kollar-Kotelly
DECK TYPE: Employment Discrimination
DATE STAMP: 12/26/2006

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☒ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

V.H

## III CITIZENSHIP FOR PLAINTIFF

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ☐ E. General Civil (Other) OR  ☐ F. Pro Se General Civil | | | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act (3) |

| ☐ G. *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination* <br> ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br><br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., against Defendant for employment discrimination on the basis of race, color, sex, and retaliation for prior EEO activity.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ $10,000,000    Check YES only if demanded in complaint   JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)  ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 12-26-06   SIGNATURE OF ATTORNEY OF RECORD  /s/

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.