UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR HAYES, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ELAINE CHAO, Secretary, U.S. Department )<br>of Labor )<br>)<br>Defendant. )<br>) | Civil Action No. 06-2207(CKK) |

**DEFENDANT'S PROTECTIVE AND OPPOSED MOTION FOR AN EXTENSION
OF TIME TO FILE ITS RESPONSE TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, Defendant, Elaine Chao, Secretary, U.S. Department of Labor, respectfully moves for a protective extension of time to file its response to the Complaint filed by plaintiff pro se. The records of the Civil Division of the United States Attorney's Office indicate that the Complaint in this case was received on April 23, 2007 by Docket Clerk Lakesha Carroll. (See attached page from service book, marked as defendant's exhibit #1; See attached summons with the stamp "Received 4/23/07" marked as defendant's exhibit #2), thus making defendant's response due on or before June 25, 2007. In checking the Court's docket on Pacer, undersigned counsel noted that plaintiff filed a certificate of service and letter from the Postal Service indicating that the Complaint was delivered to an "R. Carson" on April 16, 2007 at "501 3rd Street, NW" which is the street address of the Civil Division, but not the mailing address of the United States Attorney's Office. Undersigned counsel has confirmed that nobody by the name of R. Carson was "designated by the United States Attorney in a writing filed with the clerk of court," nor is an R. Carson "the civil process

clerk at the office of the United States attorney." Fed. R. Civ. Proc. 3(i)(1)(A). Although the document filed by plaintiff indicates delivery of his complaint to an R. Carson at 501 3rd Street, NW, undersigned counsel is unable to identify that person as someone authorized to accept service of a summons and complaint on the on behalf of the United States.

Even under the service date alleged by plaintiff, defendant's response to the Complaint would be due on June 15, 2007, the date of the filing of defendant's motion for an enlargement of time to respond. Although defendant disputes that service of the Complaint occurred before April 23, 2007, and contends that defendant's response should not in fact be due until June 25, 2007, defendant files this motion for an extension of time in the ultimate exercise of caution.[1]

Further, defendant moves for a thirty day enlargement of time (twenty-one days beyond the date of actual service on the United States Attorney) to respond to plaintiff' Complaint. In addition to the reasons stated above, the requested enlargement is merited because defendant agency is still in the process of putting together a litigation report containing the relevant information necessary for preparation of a response to the Complaint. The agency has been working diligently on compiling the necessary background information and documents, but is unable to do so by the filing deadline because of the extensive nature of plaintiff's claims

---

[1] Defendant's counsel apologizes to the Court for not submitting this Motion within the time frame set in the Court's General Order and Guideline for Civil Cases. However, Defendant's counsel was under the impression that Defendant's response to the Complaint was due on June 25, 2007, and had every intention of filing a motion for extension of time four business days in advance of that date. Undersigned counsel did not realize until checking the Court's docket on Pacer today that plaintiff had filed documents indicating alleged service on the United States Attorney on April 16, and not on April 23 as understood by defendant. As soon as undersigned counsel learned of this issue, he prepared this protective motion for extension of time.

contained in the Complaint. Plaintiff's numerous allegations go back approximately five years and they involve a large number of agency employees who needed to be contacted, as well as the location and compilation of agency documents dating back to 2002. The requested enlargement of time to July 16, 2007 will give defendant sufficient time to complete the investigation necessary to provide a response to the Complaint. Pursuant to Local Rule 7(m), defendant's counsel contacted plaintiff, and plaintiff said that because of his history with defendant, he opposes any request for extension of time.

Accordingly, for the reasons stated herein, Defendant respectfully moves for an extension of time to July 16, 2007 to file its response to plaintiff's Complaint.

Date: June 15, 2007                     Respectfully Submitted,


                                        /s/ Jeffrey A. Taylor
                                        _____
                                        JEFFREY A. TAYLOR, D.C. BAR #498610
                                        United States Attorney


                                        /s/ Rudolph Contreras
                                        _____
                                        RUDOLPH CONTRERAS, D.C. BAR #434122
                                        Assistant United States Attorney

/s/Alexander D. Shoaibi
_____
ALEXANDER D. SHOAIBI, D.C. Bar #423587
Assistant United States Attorney
United States Attorney's Office for the
 District of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4218
Washington, D.C. 20530
Ph:  (202) 514-7236
Fax: (202) 514-8780

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of Defendant's Protective and Opposed Motion for an Extension of Time to File Its Response to Plaintiff's Complaint was made by first class mail this 15th day of June, 2007 to:

Victor Hayes
6200 Breezewood Drive
Apt. 304
Greenbelt, MD 20770

/s/ Alexander D. Shoaibi
_____
ALEXANDER D. SHOAIBI
Assistant United States Attorney

06-1101   Timothy Washington v. Anthony Williams                    Inc

07-0718   National Low Income Housing Coalition v. DHS              Inc

06-0461   Marcus Deangelo Jones v. U.S. Dept. of Justice, et al     Inc

07-0476   Abdul-Hakeem Muhammad v. BOP                              Inc

07-0069   Keith Thomas v. John Doe                                  Inc

07-0478   Timothy Ray Eady v. Warden Steven A. Smith                Inc
          Order directing to show cause

07-0474   William Waller v. United States Government                Inc

07-0627   Jack D. Thrasher v. United States Government              Inc

06-2207   Victor Hayes v. Elaine Chao                               Inc

07-0719   The United States of America, ex rel. Brady Folliard      Inc
                        v.
          Insight Enterprises, Inc.


GOVERNMENT EXHIBIT 1

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

VICTOR HAYES
6200 BREEZEWOOD DR.
APT. 304
GREENBELT, MD 20770
Plaintiff

**SUMMONS IN A CIVIL CASE**

V.

ELAINE CHAO
SECRETARY, U.S. DEPARTMENT OF LABOR
200 CONSTITUTION AVE., N.W.
WASHINGTON, DC 20210
Defendant

CASE NUMBER 1:06CV02207

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Employment Discrimination

DATE STAMP: 12/26/2006

TO: (Name and address of Defendant)

U.S. ATTORNEY FOR THE DISTRICT OF COLUMBIA
501 THIRD STREET, NW
WASHINGTON DC 20001

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF ▓▓▓▓▓ PRO SE (name and address)

VICTOR HAYES
6200 BREEZEWOOD DR.
APT. 304
GREENBELT, MD 20770

an answer to the complaint which is served on you with this summons, within ___60___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON          DEC 26 2006
CLERK                                DATE

_____
(By) DEPUTY CLERK



