# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**VICTOR HAYES,**                          )
                                           )
    Plaintiff,                      )
                                           )
      v.                        )          C.A. No.: 06-2207 (CKK)
                                           )
**ELAINE L. CHAO,**                        )
Secretary of the United States Department  )
of Labor,                                  )
                                           )
    Defendant                       )

## DEFENDANT'S MOTION TO DISMISS

Defendant Elaine L. Chao, Secretary of the U.S. Department of Labor (hereinafter "DOL" or Defendant), through her undersigned attorneys, hereby submits defendant's Motion to Dismiss and respectfully requests that plaintiff's Complaint alleging race and gender discrimination under Title VII be dismissed with prejudice.[1]

Dismissal is appropriate because plaintiff failed to meet the statutory deadlines for filing a civil action in District Court. In addition, plaintiff's complaint fails to state a claim upon which relief can be granted because plaintiff identifies no facts to support the allegation that he suffered an adverse action. Plaintiff asserts that he suffered damages in the form of missed federal job opportunities, but does not state that his alleged damages were caused by defendant. In fact, plaintiff's complaint suggests that he never applied for employment because he was "in limbo" concerning his leave balance. Plaintiff also

---

[1]      The defendant has attached exhibits to this Motion for the Court's consideration. Federal Rule of Civil Procedure 12(b) provides that a Motion to Dismiss under Rule 12(b)(6) will be treated as a motion for summary judgment if the Court considers matters outside the pleadings. The enclosed exhibits however are not matters outside the pleadings because the exhibits only reference documents mentioned in the complaint or documents central to the complaint. See Campbell v. National R.R. Passenger Corp., 163 F.Supp. 2d 19, 22 n.2 (D.D.C. 2001)(a ". . . defendant may reference documents specifically referenced in and central to the complaint without converting its 12(b)(6) motion into a motion for summary judgment.")

vaguely alleges harm in the form of inconvenience and irreparable damage to his leave balances. Plaintiff's allegation of inconvenience does not appear to be compensable and the allegation of irreparable damage to the leave balances is also not supported by any facts that would establish an adverse employment action.

For the reasons discussed more thoroughly herein, the defendant requests that the complaint be dismissed with prejudice.

## I.    Plaintiff Failed To Meet The Statute Of Limitations.

Plaintiff failed to file his complaint within the statutory time limit required to initiate a civil action. In a September 6, 2006 decision, the U.S. Equal Employment Opportunity Commission's Office of Federal Operations ("OFO") rejected plaintiff's request for reconsideration of an earlier decision and notified plaintiff he must file any civil action within 90 days. This suit followed, but more than two weeks after the statutory time provided for filing. Defendant's Exhibit 5.

This litigation began on July 18, 2005, when plaintiff filed a formal complaint of race and gender discrimination with the Department of Labor's Civil Rights Center ("CRC"). Plaintiff's Complaint, para. 27. The gravamen of plaintiff's complaint with the CRC was that the defendant was aware of a discrepancy in plaintiff's leave balance in 2001, but failed to audit his sick and annual leave in 2002. Defendant's Exhibit 1. Further, plaintiff alleged that defendant discriminated against him by failing to grant him administrative leave to perform an audit of his leave balances. Id. Plaintiff contends that the sick leave balance was not reconciled until 2005 at which time a fifteen minute discrepancy in sick leave was revealed. Plaintiff's Complaint, para. 25.

On December 1, 2005, the CRC dismissed plaintiff's complaint.  Defendant's Exhibit 1.  The CRC found that plaintiff was and/or should have been aware of the alleged discriminatory event in 2001 or 2002, but failed to contact an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discriminatory event.  *See* 29 C.F.R. §§ 1614.105(a)(1) and 1614.107(a)(2).[2]  On December 30, 2005, plaintiff appealed the CRC's dismissal of his claim to the OFO.  Defendant's Exhibit 2.  On July 28, 2006, the OFO issued a Decision upholding the CRC's denial of plaintiff's complaint.  Defendant's Exhibit 3.  On August 18, 2006, plaintiff requested reconsideration of the OFO's Decision.  Defendant's Exhibit 4.

On September 6, 2006, the OFO denied plaintiff's request for reconsideration and informed plaintiff that he had the right to file a civil action in U.S. District Court within ninety (90) calendar days from the date he received the decision.  Defendant's Exhibit 5.  Included in the Certificate of Mailing accompanying the decision was the proviso that, for timeliness purposes, the decision would be considered received five (5) calendar days after mailing.[3]  The date of mailing was also September 6, 2006.  Defendant's Exhibit 5.  Including the five days provided by the OFO for receipt of the decision, plaintiff was required to initiate his civil action on or before December 11, 2006.  Plaintiff did not file

---

[2]  As noted, the CRC dismissed plaintiff's administrative claim as untimely filed.  Thus, even if the Court were to find that the civil complaint was timely filed, the plaintiff's case would still be subject to dismissal because he did not timely exhaust his administrative remedies.  McCants v. Glickman, 180 F.Supp. 2d 35, 39 (D.D.C. 2001) citing Bowden v. U.S., 106 F.3d. 433, 437 (D.C. Cir. 1997)( "Complainants must timely exhaust these administrative remedies before bringing their claims to court.")

[3]  Where the date of receipt is not known, the presumption, under Federal Rules of Civil Procedure 6(e), is that the document was received within 3 days after mailing.  It has been ruled that the 3 day presumption applies to Title VII cases.  Lucas-Boulden v. Potter, 2005 WL 3273725 at *3 (D.D.C. 2005) citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n. 1 (1984).  In the instant matter, the OFO's Decision granted the plaintiff five days.

the complaint in this matter until December 26, 2006.  (See Docket #1, Complaint filed 12/26/06).

Title VII sets forth the time limits for the filing of a civil action in Federal Court:

> within 90 days of receipt of notice of final action taken by a department, agency, or by the EEOC on appeal, an employee or applicant for employment, if aggrieved by the final disposition of his complaint . . . may file a civil action.
> . . .

42 U.S.C. § 2000e-16(c).

The Supreme Court has held that while late-filed claims are not jurisdictionally barred, equitable tolling is allowed only in narrowly tailored circumstances.  Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96 (1990); see Janczewski v. Secretary, Smithsonian Institution, 767 F.Supp. 1, 13 (D.D.C. 1991)(finding that equitable power to toll statute of limitations shall be exercised only in extraordinary and carefully circumscribed instances).  In Irwin, the Court held that:

> federal courts have typically extended equitable relief only sparingly.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. Because the time limits imposed by Congress in a suit against the Government involve a waiver of sovereign immunity, it is evident that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants.

Id. at 96 (footnotes omitted).  As the Supreme Court observed in Baldwin Co. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984), "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded out of a vague sympathy for particular litigants . . ." and ". . . '[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'"  Baldwin, 466 U.S. at 152 (citing

Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

Statutory time limits on the filing of judicial actions facilitate fairness in adjudication by ensuring that defendants are put on notice of adverse claims and preventing plaintiffs from sleeping on their rights.  Janczewski, 767 F.Supp. at 14 (quoting Crown, Cork& Seal Co. v. Parker, 462 U.S. 345, 352 (1983)).

Plaintiff has clearly failed to comply with the 90-day time limit set forth in 42 U.S.C. § 2000e-16(c).  The OFO notified plaintiff that any civil action in District Court must be filed within 90 days of the receipt of the OFO's decision.  Including the five day grace period for mailing, it was incumbent upon plaintiff to file his complaint on or before December 11, 2006.  Not only did plaintiff exceed this deadline, the complaint was filed more than two weeks late.  As the Supreme Court has noted, Section 2000e-l6(c) is a condition precedent to the government's waiver of sovereign immunity and must be strictly construed.  Irwin, supra, 498 U.S. at 96.  While the 90-day filing period is subject to equitable tolling in an appropriate case, plaintiff has provided no explanation at all for this late filing, and accordingly, this matter must be dismissed with prejudice.

**II.    Plaintiff's Complaint Fails To State A Claim Upon Which Relief May Be Granted.**

Even assuming as true all the allegations raised in the complaint, plaintiff has not stated a claim upon which relief can be granted.  The plaintiff must demonstrate the existence of an adverse employment action as an essential element of his Title VII claim against a federal employer.  Brown v. Brody, 199 F.3d 446, 455 (D.C. Cir. 1999); Rattigan v. Gonzalez, 2007 WL 1577855 at *10 (D.D.C. 2007)(citing the holding in Brown as authority for the requirement that the plaintiff establish an adverse employment action).  The lack of facts in the complaint demonstrating an adverse employment action

is fatal, and dismissal of the complaint is appropriate.  <u>Bell Atlantic Corp. v. Twombly</u>,

127 S.Ct. 1955, 1965 (2007)(finding that dismissal is appropriate where the complaint

fails to allege facts that support its allegations and conclusions).

When a motion to dismiss for failure to state a claim is filed, the Court must

assume the truth of the facts alleged in the complaint.  <u>Stevenson v. Bluhm</u>, 2006 WL

3096688, at *2 (D.D.C. 2006).  The Court may grant the motion only when it appears

that the complainant will be unable to prove any set of facts that would justify relief.  <u>Id</u>.;

<u>Summit Health, Ltd. v. Pinhas</u>, 500 U.S. 322, 325 (1991); <u>Browning v. Clinton</u>, 292 F.3d

235, 242 (D.C.Cir. 2002).  The complaint must be liberally construed in plaintiff's favor,

and plaintiff must be granted the benefit of all reasonable inferences from the facts

alleged.  <u>Clinton</u>, 292 F.3d at 242; <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271,

1276 (D.C.Cir. 1994).

Nonetheless, the Court is not bound to accept the plaintiff's factual inferences if

those inferences are not supported by facts alleged in the complaint, nor must the Court

accept the complainant's legal conclusions.  <u>See</u> <u>Western Associates, Ltd. v. Market

Square Associates</u>, 235 F.3d 629, 634 (D.C.Cir. 2001); <u>National Treasury Employees

Union v. United States</u>, 101 F.3d 1423, 1430 (D.C.Cir. 1996).  To survive a motion to

dismiss, the factual allegations in the complaint "must be enough to raise a right to relief

above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965

(2007); <u>Rattigan v. Gonzalez</u>, 2007 WL 1577855 at *6 (D.D.C. 2007), <u>quoting</u> <u>Bell

Atlantic Corp.</u>  In <u>Bell Atlantic Corp.</u>, the Supreme Court found that the complaint must

not only raise the right to relief beyond speculation, but must also "contain something

more ... than ... a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action."  127 S.Ct. at 1965, quoting Wright & A. Miller, Federal

Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

Here the plaintiff has failed to identify acts that can be reasonably construed as

"adverse employment actions."  The gravamen of the plaintiff's complaint is that, due to

a fifteen minute discrepancy in his leave balance, he was ". . . in limbo since April 2005

regarding reentering federal employment until this issue regarding his annual and sick

leave balances has been resolved to his satisfaction."  See Complaint, Paragraph 36.  In

paragraph 37 of the complaint the plaintiff leaps to the legal conclusion that the

defendant's actions caused him harm in the form of "inconvenience, loss of income due

to missed federal opportunities, and irreparable damage to his federal leave balances,

especially his annual leave balance that represents compensation when he returns to

federal employment."

With respect to plaintiff's alleged "missed federal opportunities," even assuming

arguendo that plaintiff's allegations of discrimination are true, plaintiff fails to state a

claim because there are no facts in the complaint to suggest that the failure to provide a

sick and/or annual leave balance was the reason that the plaintiff could not gain federal

employment.  As demonstrated by Brown, it is incumbent upon the plaintiff to show that

he suffered adverse consequences attributable to the defendant's actions.  The plaintiff's

own words suggest that at most, he considered himself to be "in limbo" and therefore did

not seek employment.  Nowhere in the complaint does plaintiff state that he applied for

federal employment and was unsuccessful because of some requirement or request that

he produce an accurate record of his sick or annual leave. In Sparrow v. United Air

Lines, Inc., 216 F.3d 1111, 1115 (D.C.Cir. 2000), the plaintiff survived a motion to

dismiss by simply alleging "I was turned down for a job because of my race." Thus, he was alleging failure to promote, a recognized adverse employment action. Id. at 1113. By analogy, it was incumbent upon the plaintiff here to allege that an inaccurate leave balance led to some kind of concrete adverse employment action. Again, this is especially significant here because a plain reading of the complaint suggests that the plaintiff did not seek employment because he was "in limbo."

Plaintiff's inference that a discrepancy in his leave balance caused him to lose employment should not be accepted as true for purposes of this motion. A court reviewing a motion under Fed.R.Civ.P. 12(b)(6) should not accept "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Browning, supra, 292 F.3d at 242 (citations omitted). Plaintiff has cited no policy, law, or regulation (and Defendant is aware of none) that requires an applicant to provide an accounting of annual or sick leave balances as a prerequisite to gaining federal employment. It does not stand to reason that a prospective federal employer would be concerned with a fifteen minute discrepancy in a sick leave balance (even assuming such a discrepancy is factually supportable), such that it would refuse to consider an otherwise qualified applicant for employment.

### III.    Conclusion

The evidence clearly demonstrates that the complaint in this action was untimely filed. Plaintiff was provided notice of the deadlines for filing and did not comply. Even if the complaint were timely, however, the complaint fails to state a claim upon which relief can be granted. The allegations of damages in the complaint with respect to missed job opportunities are not supported by any facts that demonstrate the existence of an

adverse employment action. For the foregoing reasons, the Defendant requests that the complaint in this matter be dismissed with prejudice.

Respectfully submitted,


___/s_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


__/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
5O1 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>16th</u> day of July 2007, I caused the foregoing **Defendant's Motion to Dismiss** to be served on plaintiff's counsel via first-class mail.

Victor Hayes
6200 Breezewood Drive
Apt. 304
Greenbelt, MD 20770

/s/
ALEXANDER D. SHOAIBI
Assistant United States Attorney

U.S. Department of Labor

Office of the Assistant Secretary
for Administration and Management
Washington, D.C. 20210



Sent by Federal Express No. 7925 9240 8901

Mr. Victor Hayes
6200 Breezewood Drive, Apt. 304
Greenbelt, MD 20770

CRC Complaint No. 05-11-118

Dear Mr. Hayes:

The Civil Rights Center (CRC) is in receipt of the aforementioned formal complaint of discrimination in which you alleged discrimination on the bases of race, sex, and/or in reprisal for previous EEO activity stemming from the Agency's alleged mishandling of your annual and sick leave balances. You explained that, in November 2001, "management acknowledged that [your] annual and sick leave balances were out of sync." You maintained that you requested administrative time to reconcile the balances but were denied in November 2001, February 2002, and June 2002. You also provided that management "came up with an arbitrary figure regarding [your] annual and sick leave balances without performing an [sic] audit" in July 2002, and, in April 2003, "claim[ed] to have performed" an audit. In conclusion, you alleged that management did not perform an audit until June 2005, which, however, did not "correct" the leave balances.

Upon consideration of this chronology, the CRC finds it appropriate to dismiss this complaint pursuant to 29 CFR 1614.107(a)(2), which requires complainants to comply with the requirement set forth in §1614.105(a)(1) to contact an EEO Counselor within 45 calendar days of the date of the matter alleged to be discriminatory. The Equal Employment Opportunity Commission (EEOC) has adopted a "reasonable suspicion" standard (as opposed to a "supportive facts" standard) to determine when the forty-five day limitation period is triggered. The time limitation is not triggered until a complainant reasonably suspects discrimination, but before all the facts that support a charge of discrimination have become apparent. Given the timeline and the description of the claims articulated by you, it is reasonable to conclude that discrimination was and/or should have been suspected as early as November 2001. This conclusion may be supported by the fact that you resigned from employment with the Department of Labor effective December 12, 2002 pursuant to a settlement agreement negotiated to resolve grievances.[1] Further, you filed an EEO complaint with the CRC in September 2002, which was dismissed by decision dated February 7, 2003. *See also Hayes v. Dept. of Labor*, Appeal No. 01A32851 (July 29, 2003); *Hayes v. Dept. of Labor*, Request No. 05A31226 (September 17, 2003). Because you contacted an EEO Counselor about this

---

[1] Alternatively, the CRC asserts that you do not have standing to file an EEO complaint in this process as you are not an employee of the Department of Labor. 29 CFR 1614.103(c); 1614.107(a)(1).

matter in May 2005, you exceeded the regulatory timeframe for filing. Therefore, this complaint is dismissed.

If you are dissatisfied or if you disagree with this decision, you may file a notice of appeal with the EEOC at anytime up to thirty (30) calendar days after your receipt of this decision. The appeal should be submitted to the EEOC's Director, Office of Federal Operations, P.O. Box 19848, Washington, D.C. 20036. Any statement in support of the appeal must be submitted to the Office of Federal Operations and to the CRC within thirty (30) calendar days of your filing of the notice of appeal. The regulations at 29 C.F.R. 1614.403(a) encourage the use of EEOC Form 573 in presenting an appeal to the EEOC. A copy of this form is enclosed.

If you elect not to appeal to the EEOC, you may file a civil action in an appropriate U.S. District Court within ninety (90) days of your receipt of this decision. If you file an appeal with the EEOC, you may still file a civil action in the appropriate U.S. District Court within ninety (90) calendar days of your receipt of the EEOC's final decision on your appeal. A civil action may also be filed anytime after 180 days from the date of filing your appeal with the EEOC, if a final decision has not been issued by the EEOC's Office of Federal Operations.

You are advised that if you file a civil action, you must name the head of the Department or Agency as the defendant. Failure to name the head of the Department or Agency may result in the loss of any judicial redress to which you may be entitled. The head of the Department of Labor is Elaine L. Chao, Secretary of Labor.

Sincerely,


ANNABELLE T. LOCKHART
Director
Civil Rights Center

Enclosure

cc:    Ms. Dorothy Wigglesworth, BLS EEO Manager



## NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 19848
Washington, DC 20036

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | Victor Hayes |
| Home/mailing address: | 6200 Breezewood Dr., Apt 304 |
| City, State, ZIP Code: | Greenbelt, MD  20770-4105 |
| Daytime Telephone # (with area code): | 301-520-5404 |
| E-mail address (if any): | victorh@umich.edu |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | N/A |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

*JAN - 5 2006*
*by KM*
*# 442270*

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | U.S. Department of Labor |
| Identify the Agency's complaint number: | 05-11-118 |
| Location of the duty station or local facility in which the complaint arose: | U.S. Bureau of Labor Statistics Postal Square Building, 2 Massachusetts Ave., NE, Washington, DC |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | X Yes;  Date Received 12-03-05    (Remember to attach a copy) ___No ___This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | X No ___Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | X No ___Yes (**Attach a copy of the civil action filed**) |

DEFENDANT'S EXHIBIT 2

**NOTICE**: Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC **and** with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| Signature of complainant or complainant's representative: | *[signature]* |
|---|---|
| Date: | *12-30-05* |

**EEOC Form 573 REV 1/01**

---

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE**: EEOC Form 573, Notice of Appeal/Petition, January 2001
2. **AUTHORITY**: 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. **ROUTINE USES**: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION**: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

---



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Victor Hayes,
Complainant,

v.

Elaine Chao,
Secretary,
Department of Labor,
Agency.

Appeal No. 01A61525

Agency No. 0511118

DECISION

Complainant filed a timely appeal with this Commission from the agency's decision dated December 1, 2005, dismissing his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. Upon review, the Commission finds that complainant's complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(2), for untimely EEO Counselor contact. In his complaint, complainant alleged that he was subjected to discrimination on the bases of race (African-American), sex (male), and reprisal for prior protected EEO activity under Title VII of the Civil Rights Act of 1964 when the agency failed to timely reconcile his leave balances.[1]

The record discloses that the alleged discriminatory event occurred in November 2001, but complainant did not initiate contact with an EEO Counselor until June 20, 2005, which is beyond the forty-five (45) day limitation period. On appeal, complainant has presented no persuasive arguments or evidence warranting an extension of the time limit for initiating EEO Counselor contact. Accordingly, the agency's final decision dismissing complainant's complaint is affirmed.

JUL 28 2006

#462-180

---

[1] The discrepancy in question was .25-hour of sick leave, or 15 minutes. The Commission notes that complainant left the agency in December 2002, as the result of a settlement agreement on a grievance he filed.

DEFENDANT'S EXHIBIT 3

2                                           01A61525

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.   If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

3                                01A61525

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

JUL 2 1 2006
_____
Date

4                                      01A61525

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**.  I certify that this decision was mailed to the following recipients on the date below:

Victor Hayes
6200 Breezewood Dr
#304
Greenbelt, MD  20770-4105

Annabelle T. Lockhart, Director
Office of Civil Rights
Department of Labor
200 Constitution Ave., NW  #N4123
Washington, DC  20210


JUL 2 1 2006
_____
Date


_____
Equal Opportunity Assistant



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

## AUG 2 9 2006

REQUEST FOR RECONSIDERATION

Victor Hayes
6200 Breezewood Dr
#304
Greenbelt, MD  20770-4105

RE: Labor, Dept of
Docket # : 05A60994
Assoc # : 01A61528
Agency #1: 0511118
Agency #2:
Agency #3:
Filed    : 081806

Dear Mr. Hayes:

Your request for reconsideration has been docketed and assigned the docket number  listed above.  Please  refer to the  docket number on  all correspondence to this office.

The  Commission, in its  discretion, may  grant the  request if  the party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the decision will have a substantial impact on the policies, practices, or operation of the agency. 29 CFR 1614.405(b)(1) & (2).

You were required  to submit any supporting  documents or  brief at the time the request was filed.  The opposing party shall have  20 days from the date of service in  which to submit  any brief or  statement in opposition.  Such brief or  statement must  be served on  the requesting  party and  proof of service must  be included  with the  submission to the  Office of  Federal Operations.  The Commission will accept statements or briefs in  opposition to a request by facsimile  transmission  (fax number 202-663-7022) provided they are no more than ten (10) pages long.

If you have questions regarding the processing of this matter, please call the EEOC, Office of Federal Operations at (202) 663-4599 and ask  to speak to the Attorney of the Week.

Sincerely,

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations

cc: Labor, Dept of
    Dir., Ofc. Of Civil Rights
    200 Constitution Av, NW #N4123
    Washington, DC  20210

SEP   7 2006

#465663

**DEFENDANT'S EXHIBIT 4**

Friday, August 18, 2006



EEOC-OFO

Director
Office of Federal Operations
The Equal Employment Opportunity Commission
P.O. Box 19848
Washington, DC  20036

Subject:  Request to Reconsider Reinstating Appeal No. 01A61525, Agency #
0511118

In April 2005 while preparing to start applying for federal employment, I wanted
to verify my annual and sick leave balances to see if the agency had corrected my
annual and sick balances after my separation from federal employment.  When I
resigned from the agency in December 2002, the agency owed me more sick AND
annual leave than what was on record.  According to the Office of Personnel
Management (OPM), the agency was supposed to perform an audit of my annual
and sick leave balances after my separation of employment from the agency.  I am
still not sure why the agency contends that it is only my sick leave balances with
which I am concerned.

After several correspondences with the agency in April 2005 regarding an audit of
my annual and sick leave balances, I was reasonably suspicious that the agency
was being discriminatory against me when the agency alleged that it could not
locate my Official Personnel Folder (OPF) which should have contained an audit
of my sick and annual leave balances.  As a result of my suspicions, on April 27,
2005 I sent the agency an e-mail raising my suspicions regarding the missing audit
of my annual and sick leave balances.  Attachment 1.

After receiving my April 27, 2005 e-mail, the agency surreptitiously began an audit
of my annual and sick leave balances on April 28.  Attachment 2.  Never in any of
the agency's correspondence with me between April 28, 2005 and May 31, 2005
did the agency state that there was an audit of my annual and sick leave balances in
process.

The audit the agency began on April 28, 2005 was completed on June 1, 2005.
From this point forward, when I refer to the "June 1, 2005 audit," I am referring
the audit that was ongoing from April 28, 2005 until its completion on June 1,

Appeal No. 01A61525



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Victor Hayes,
Complainant,

v.

Elaine Chao,
Secretary,
Department of Labor,
Agency.

Request No. 05A60994

Appeal No. 01A61525
Agency No. 05-11-118

### DENIAL

Complainant timely requested reconsideration of the decision in *Victor Hayes v. Department of Labor*, EEOC Appeal No. 01A61525 (July 21, 2006). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A61525 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court.

SEP 1 2 20

DEFENDANT'S EXHIBIT 5

#4Cd0324

2                                                        05A60994

"Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").


FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

SEP - 6 2006
_____
Date

3                                          05A60994

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.**  I certify that this decision was mailed to the following recipients on the date below:

Victor Hayes
6200 Breezewood Dr., #304
Greenbelt, MD  20770-4105

Annabelle T. Lockhart, Director
Office of Civil Rights
Department of Labor
200 Constitution Ave., NW  #N4123
Washington, DC  20210

SEP - 6 2006

_____
Date

_____
Equal Opportunity Assistant