UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.: 06-2207 (CKK) |
| ) | |
| ELAINE L. CHAO, ) | |
| Secretary of the United States Department ) | |
| of Labor, ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant Elaine L. Chao, Secretary of the U.S. Department of Labor (hereinafter "DOL" or Defendant), through her undersigned attorneys, hereby submits this Reply in further support of Defendant's Motion to Dismiss.

Plaintiff's Opposition Memorandum fails to rebut all of Defendant's arguments for dismissal. Plaintiff did not challenge Defendant's assertion that the administrative record firmly establishes that he failed to exhaust his administrative remedies in a timely fashion. In addition to his claims being untimely, Plaintiff echoes his complaint and identifies no facts to support the allegation that he suffered an adverse action. He repeats his unsupported assertion that he suffered damages in the form of missed federal job opportunities and supplies nothing more than speculation to implicate Defendant as the cause of these damages. His claim that Defendant denied him the opportunity to rectify his own leave balances is merely an allegation of inconvenience which appears to be non-compensable. Plaintiff continues to offer no facts to show that the alleged irreparable damage to the leave balances constitutes an adverse employment action.

For the reasons discussed more thoroughly herein and in her Motion to Dismiss, Defendant requests that the Complaint be dismissed with prejudice.

I.      **Plaintiff's Failure To Exhaust Administrative Remedies.**

Plaintiff completely fails to address Defendant's argument that the Complaint should be dismissed because Plaintiff did not timely exhaust his administrative remedies. See Defendant's Motion to Dismiss ("DMTD") at 3 n.2 (Pacer Dkt. 8).

The gravamen of plaintiff's complaint with the Department of Labor's Civil Rights Center ("CRC") was that Defendant was aware of a discrepancy in Plaintiff's leave balance in 2001, but failed to audit his sick and annual leave in 2002. DMTD, Exhibit 1. On December 1, 2005, the CRC dismissed Plaintiff's complaint. Id. The CRC found that Plaintiff was and/or should have been aware of the alleged discriminatory event in 2001 or 2002, but failed to contact an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discriminatory event. Id.; see 29 C.F.R. §§ 1614.105(a)(1) and 1614.107(a)(2). On December 30, 2005, Plaintiff appealed the CRC's dismissal of his claim to the U.S. Equal Employment Opportunity Commission's Office of Federal Operations ("OFO"). DMTD, Exhibit 2. On July 28, 2006, the OFO issued a Decision upholding the CRC's denial of Plaintiff's complaint on the grounds that he failed to file his complaint within the statutory time limit required to initiate a civil action. DMTD, Exhibit 3. On September 6, 2006 decision, the OFO denied Plaintiff's request for reconsideration. DMTD, Exhibit 5.

Plaintiff's case should be dismissed because he did not timely exhaust his administrative remedies. McCants v. Glickman, 180 F.Supp. 2d 35, 39 (D.D.C. 2001)

citing Bowden v. U.S., 106 F.3d. 433, 437 (D.C. Cir. 1997)( "Complainants must timely exhaust these administrative remedies before bringing their claims to court.")

**II.     Plaintiff's Complaint Fails To State A Claim Upon Which Relief May Be Granted.**

Plaintiff has not stated a claim upon which relief can be granted because he has not shown not that Defendant engaged in any adverse employment action against him. He makes several allegations against Defendant, including (1) not allowing Plaintiff to audit his own annual and sick leave balances; (2) lying by Defendant's employees regarding the existence of a completed audit of Plaintiff's leave balances; (3) withholding his leave audit from his Official Personnel File; and (4) jeopardizing his future employment with the federal government.  Plff. Opp. at 2-3.  Plaintiff cites no evidence in support of these allegations.  Furthermore, none of Defendant's alleged actions constitute adverse employment actions.

Even if Plaintiff's allegations are taken as true, they do not constitute adverse employment action either individually or in the aggregate.  Plaintiff alleges no injuries from Defendant's alleged denial of Plaintiff's request to audit his own leave balances. He asserts no legal right to audit these balances.  Furthermore, Plaintiff submits evidence which either provides no support for or contradicts his assertions concerning the audit.

Contrary to Plaintiff's assertion, Plaintiff's Exhibit 3 does not show that since November 2001 Defendant was aware that Plaintiff "is owed significantly more annual leave than his leave balance currently states."  See Plff. Opp. at 2.  In her November 7, 2001 e-mail response to Plaintiff, Mary McMichael (Plaintiff's supervisor) merely acknowledges that there was a discrepancy in Plaintiff's earnings and leave statement. Plff. Opp. at Exhibit 3.  Ms. McMichael does not indicate whether Defendant owed any

3

leave to Plaintiff.  Id.  Plaintiff's Exhibit 4 shows that Plaintiff's supervisor merely required that Plaintiff to complete another task before continuing his audits.  See Plff. Opp. at Exhibit 4 (Plaintiff's Supervisor Mary McMichael stated "You may perform this administrative task [leave audit] after you have completed answering the outstanding emails assigned to you" in her February 8, 2002 reply e-mail to Plaintiff.).  Exhibit 5 contains Plaintiff's own admission that he had been auditing his sick leave balances.  See Plff. Opp. at Exhibit 5.  That exhibit consists of a June 26, 2002 e-mail from Plaintiff to S. McCain and Luvenee Henry in which Plaintiff states that he "must complete a non-critical assignment before I can continue auditing my leave balances" and thus he requests additional time to complete the audit.  Id.  Exhibit 5 also contains Luvenee Henry's June 27, 2002 e-mail response which expresses Defendant's willingness to grant Plaintiff's request for additional time if such time is necessary.  Id.  Far from refusing to allow Plaintiff to audit his sick leave, it appears that Defendant was willing to give him additional time to complete it.  Even if Defendant refused Plaintiff the right to perform his own audit, this refusal does not constitute an adverse employment action.

  Similarly, Plaintiff offers no evidence to support his allegation that Defendant's employees lied about the status of his audit and claims no compensable injuries resulting from these alleged acts.  Plaintiff's Exhibits 7 and 8 provide no support for Plaintiff's allegation that Defendant's employees, David Pena and Mike Allen, lied about the existence of a completed audit of Plaintiff's leave balances.  These exhibits merely show that Messrs. Pena and Allen dutifully responded to Plaintiff's requests for leave audits. Mr. Pena offered to email the audit to Plaintiff.  Plff. Opp. at Exhibit 7.  Mr. Allen stated that Defendant provided copies of two audits to Plaintiff.  Id. at Exhibit 8.  Plaintiff

acknowledged receipt of a copy of the June 2005 audit.  Id.  Plaintiff has offered nothing to show that Messrs. Pena and Allen lied about the audits, nor has he shown (or even alleged) any compensable injuries resulting from these actions.

Plaintiff claims that Defendant's alleged actions regarding his leave balance prevented him from obtaining federal employment.  Plaintiff provides no facts for this wide sweeping allegation but rather he only speculates.  He sets forth a "parade of horribles" that could occur if he were employed by a federal agency and the agency found out that his leave audit was missing from his files.  In his Opposition, he states "Plaintiff Hayes' employment with any employing federal agency would be jeopardized because any requests to the NPRC for Plaintiff Hayes' OPF to verify information . . . will result in a null query and a loss of employment."  Plff. Opp. at 3;  See Complaint at ¶ 36.  This allegation is nothing more than a statement of Plaintiff's own fears and preferences.  He would prefer that his OPF be kept at the National Personnel Records Center because he fears that his OPF will be compromised if kept elsewhere.  Plff. Opp. at 3, Exhibit 9.  When Plaintiff expressed his concerns regarding the location of his OPF to Defendant, Defendant explained that Mr. Allen's retention of the file was "in accordance with guidance from the Department of Labor's Solicitor's Office."  Id.  Plaintiff does not argue that Defendant has misinterpreted the guidance.  Neither in his Complaint nor in his Opposition does Plaintiff state that he applied for federal employment and was unsuccessful because of some requirement or request that he produce an accurate record of his sick or annual leave.  See Compl.¶ 36(stating that he was ". . . in limbo since April 2005 regarding reentering federal employment until this issue regarding his annual and sick leave balances has been resolved to his satisfaction."); Plff. Opp. at 2 ("Mr. Hayes is

5

still reluctant to apply for federal employment . . ."). Like his other claims, this claim is unsupported and speculative.

To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007); Rattigan v. Gonzalez, 2007 WL 1577855 at *6 (D.D.C. 2007), quoting Bell Atlantic Corp. In Bell Atlantic Corp., the Supreme Court found that the complaint must not only raise the right to relief beyond speculation, but must also "contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." 127 S.Ct. at 1965, quoting Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). In the instant case, Plaintiff has failed to raise his right to relief above the speculative level.

Plaintiff's inference that a discrepancy in his leave balance caused him to lose employment should not be accepted as true for purposes of this motion. A court reviewing a motion under Fed.R.Civ.P. 12(b)(6) should not accept "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Browning, supra, 292 F.3d at 242 (citations omitted). Plaintiff has cited no policy, law, or regulation (and Defendant is aware of none) that requires an applicant to provide an accounting of annual or sick leave balances as a prerequisite to gaining federal employment. It does not stand to reason that a prospective federal employer would be concerned with a fifteen minute discrepancy in a sick leave balance (even assuming such a discrepancy is factually supportable), such that it would refuse to consider an otherwise qualified applicant for employment.

6

Plaintiff must demonstrate the existence of an adverse employment action as an essential element of his Title VII claim against a federal employer.  Brown v. Brody, 199 F.3d 446, 455 (D.C. Cir. 1999); Rattigan v. Gonzalez, 2007 WL 1577855 at *10 (D.D.C. 2007)(citing the holding in Brown as authority for the requirement that the plaintiff establish an adverse employment action).  Because Plaintiff has failed to allege any adverse employment action, the case should be dismissed.

### III.    Conclusion

Plaintiff failed to timely exhaust his administrative remedies when he did not contact an EEO counselor within forty-five days of the alleged discriminatory event.  Also, the complaint fails to allege any facts that demonstrate the existence of an adverse employment action.  For the foregoing reasons, the Defendant requests that the complaint in this matter be dismissed with prejudice.

Respectfully submitted,

___/s_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

__/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

## CERTIFICATE OF SERVICE

     I hereby certify that on this 26th day of October 2007, I caused the foregoing **Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss** to be served on Plaintiff *pro se* via first-class mail.

     Victor Hayes
     6200 Breezewood Drive
     Apt. 304
     Greenbelt, MD 20770

                          /s/
                         ALEXANDER D. SHOAIBI
                         Assistant United States Attorney