UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR HAYES<br>6200 BREEZEWOOD DR.<br>APT. 304<br>GREENBELT, MD 20770<br><br>   Plaintiff,<br><br>V.<br><br>ELAINE CHAO<br>SECRETARY, U.S. DEPARTMENT OF LABOR<br>200 CONSTITUTION AVE., N.W.<br>WASHINGTON, DC 20210<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.:06-2207 CKK<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO DENY DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND GRANT JUDGEMENT IN PLAINTIFF'S FAVOR**

Plaintiff Hayes, hereby submits this "Plaintiff's Motion to Deny Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and Grant Judgment In Plaintiff's Favor." Accordingly, Plaintiff Hayes respectfully moves this Honorable Court to deny Defendant DOL's Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and grant judgment against Defendant DOL in favor of Plaintiff Hayes, as reason therefore, states as follows:

**I. Defendant DOL Served Plaintiff Hayes A Different Copy Of Its Reply To Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss Than What Defendant DOL Filed With The Court.**

1) Defendant DOL served Plaintiff Hayes a draft of its Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss on October 26, 2007. Plaintiff's Exhibit 1. Defendant DOL then filed with the court a different version of its Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss on October 26, 2007 with a

RECEIVED NOV - 6 2007 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

1

Certificate of Service stating Plaintiff Hayes was served a copy of the same pleading filed with the court. Plaintiff's Exhibit 2.

Wherefore, Plaintiff Hayes, respectfully requests:

1) That this Honorable Court deny Defendant DOL's Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss; and

2) Grant Judgment against Defendant DOL in Favor of Plaintiff Hayes.

_____                               _____
Victor Hayes                                                                                       Date
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on November 6, 2007 the forgoing Plaintiff's Motion to Deny Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and Grant Judgment In Plaintiff's Favor was served by U.S. Postal Service Certified Mail on the following:

<u>Agency's Representative, BY U.S. Postal Service Certified Mail</u>

Alexander D. Shoaibi
United States Attorney's Office for the District of Columbia
555 4th Street, NW
Room E-4218
Washington, DC  20530

_____                    11-6-07
Victor Hayes                                                    Date
Plaintiff, Pro Se

leave to Plaintiff. Id. Plaintiff's Exhibit 4 shows that Plaintiff's supervisor merely required that Plaintiff to complete another task before continuing his audits. See Plff. Opp. at Exhibit 4 (Plaintiff's Supervisor Mary McMichael stated "You may perform this administrative task [leave audit] after you have completed answering the outstanding emails assigned to you" in her February 8, 2002 reply e-mail to Plaintiff.). Exhibit 5 contains Plaintiff's own admission that he had been auditing his sick leave balances. See Plff. Opp. at Exhibit 5. That exhibit consists of a June 26, 2002 e-mail from Plaintiff to S. McCain and Luvenee Henry in which Plaintiff states that he "must complete a non-critical assignment before I can continue auditing my leave balances" and thus he requests additional time to complete the audit. Id. Exhibit 5 also contains Luvenee Henry's June 27, 2002 e-mail response which expresses Defendant's willingness to grant Plaintiff's request for additional time if such time is necessary. Id. Far from refusing to allow Plaintiff to audit his sick leave, it appears that Defendant was willing to give him additional time to complete it. Even if Defendant refused Plaintiff the right to perform his own audit, this refusal does not constitute an adverse employment action.

Similarly, Plaintiff offers no evidence to support his allegation that Defendant's employees lied about the status of his audit and claims no compensable injuries resulting from these alleged acts. Plaintiff's Exhibits 7 and 8 provide no support for Defendant's allegation that Defendant's employees, David Pena and Mike Allen, lied about the existence of a completed audit of Plaintiff's leave balances. These exhibits merely show that Messrs. Pena and Allen dutifully responded to Plaintiff's requests for leave audits. Mr. Pena offered to email the audit to Plaintiff. Plff. Opp. at Exhibit 7. Mr. Allen stated that Defendant provided copies of two audits to Plaintiff. Id. at Exhibit 8.

4

Plaintiff's Exhibit 1

leave to Plaintiff. Id. Plaintiff's Exhibit 4 shows that Plaintiff's supervisor merely required that Plaintiff to complete another task before continuing his audits. See Plff. Opp. at Exhibit 4 (Plaintiff's Supervisor Mary McMichael stated "You may perform this administrative task [leave audit] after you have completed answering the outstanding emails assigned to you" in her February 8, 2002 reply e-mail to Plaintiff.). Exhibit 5 contains Plaintiff's own admission that he had been auditing his sick leave balances. See Plff. Opp. at Exhibit 5. That exhibit consists of a June 26, 2002 e-mail from Plaintiff to S. McCain and Luvenee Henry in which Plaintiff states that he "must complete a non-critical assignment before I can continue auditing my leave balances" and thus he requests additional time to complete the audit. Id. Exhibit 5 also contains Luvenee Henry's June 27, 2002 e-mail response which expresses Defendant's willingness to grant Plaintiff's request for additional time if such time is necessary. Id. Far from refusing to allow Plaintiff to audit his sick leave, it appears that Defendant was willing to give him additional time to complete it. Even if Defendant refused Plaintiff the right to perform his own audit, this refusal does not constitute an adverse employment action.

    Similarly, Plaintiff offers no evidence to support his allegation that Defendant's employees lied about the status of his audit and claims no compensable injuries resulting from these alleged acts. Plaintiff's Exhibits 7 and 8 provide no support for Plaintiff's allegation that Defendant's employees, David Pena and Mike Allen, lied about the existence of a completed audit of Plaintiff's leave balances. These exhibits merely show that Messrs. Pena and Allen dutifully responded to Plaintiff's requests for leave audits. Mr. Pena offered to email the audit to Plaintiff. Plff. Opp. at Exhibit 7. Mr. Allen stated that Defendant provided copies of two audits to Plaintiff. Id. at Exhibit 8. Plaintiff

4

Plaintiff's Exhibit 2

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October 2007, I caused the foregoing **Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss** to be served on Plaintiff *pro se* via first-class mail.

> Victor Hayes
> 6200 Breezewood Drive
> Apt. 304
> Greenbelt, MD 20770

/s/
ALEXANDER D. SHOAIBI
Assistant United States Attorney