UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOR HAYES,

    Plaintiff,

v.

ELAINE L. CHAO,
Secretary, United States Department of
Labor,

    Defendant.

Civil Action No. 06–2207 (CKK)

**MEMORANDUM OPINION**
(April 2, 2008)

    Plaintiff Victor Hayes ("Hayes"), proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, against Elaine L. Chao, in her official capacity as Secretary of the United States Department of Labor (the "Secretary"). Hayes, a former employee of the Department of Labor ("DOL"), claims that he was a victim of discrimination and retaliation because (1) several DOL employees incorrectly told him that an audit of his sick and annual leave balances had been performed in 2003, and (2) a DOL audit completed in June 2005 identified a 15-minute discrepancy in his leave balances. According to Hayes, this uncertainty has left him "in limbo" about whether to re-enter federal employment until the issues concerning his annual and sick leave balances "ha[ve] been resolved to his satisfaction." Compl. ¶¶ 36-37. Currently pending before the Court is Defendant's [8] Motion to Dismiss Hayes' Complaint based on the applicable statute of limitations, failure to exhaust administrative remedies, and failure to state a claim. After a thorough review of the Parties' submissions, applicable case law and statutory authority, the Court shall grant Defendant's

Motion for the reasons that follow.

## I. BACKGROUND

The Court construes Hayes' *pro se* complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In doing so, the Court notes that Hayes has attached supplemental materials to his Complaint and his Opposition, and the Secretary has also attached supplemental materials to her Motion to Dismiss.[1] The D.C. Circuit has instructed that lower courts may use supplemental materials to clarify a *pro se* plaintiff's claims without converting a motion to dismiss into one for summary judgment. *See Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007) (explaining that lower courts may "consider supplemental material filed by a pro se litigant in order to clarify the precise claims being urged") (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1054 (D.C. Cir. 1998)). Courts may also consider documents attached to, or incorporated into, complaints (*pro se* or otherwise), as well as certain documents in the public record. *See Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993) (affirming lower court's reliance on an administrative record when deciding a motion to dismiss, where the court used the record to resolve legal questions and not to test factual allegations in the complaint); *Koutny v. Martin*, 530 F. Supp. 2d 84, 89 (D.D.C. 2007) (explaining that a court may take notice of public documents, such as court records, when deciding a motion to dismiss). Based on the Court's review of Hayes's Complaint and the Parties' supplemental materials, Hayes appears to allege the

---

[1] These materials include the Employment Opportunity Commission's ("EEO") denial of Hayes' Motion for Reconsideration (attached to Hayes' Complaint), emails between Hayes and his DOL supervisors sent in 2001 and 2002 (attached to Hayes' Opposition), and the Civil Rights Commission's decision denying Hayes's complaint (attached to the Secretary's Motion). Although the Parties have submitted other supplemental materials with their submissions, the Court has not relied on any documents other than those referenced above to resolve the Secretary's Motion to Dismiss.

following.

Hayes worked as an economist for the DOL from July 20, 1997 until December 13, 2002.[2] Compl. ¶ 4. Although Hayes worked for one or more private employers since leaving the DOL, he began "preparing to reenter federal employment" in April 2005. *Id.* ¶¶ 7-8. Hayes was concerned that his sick and annual leave balances were inaccurate, a problem that he discussed with his supervisors prior to leaving his position at the DOL in 2001 and 2002. *Id.* ¶ 8; Pl.'s Opp'n, Exs. 3-5 (emails from Hayes to his supervisors raising concerns about his sick and annual leave balances). Accordingly, Hayes decided to "verify that Defendant DOL had corrected his annual and sick leave balances after his separation of employment." *Id.* ¶ 8. Hayes sent an email to the DOL on April 27, 2005, asking about his leave balances. *Id.* ¶ 9. The DOL initially responded to Hayes by explaining that it could not, or had not, located his Official Personnel File ("OPF"), which might contain an audit of his leave balances. *Id.*

Hayes claims that the DOL began "surreptitiously" auditing his leave balances after receiving his April 27, 2005 email. *Id.* ¶¶ 9-11. Based on his suspicions that the DOL "was being discriminatory against him regarding the missing audit," Hayes contacted the DOL's Civil Rights Center ("CRC"), which advised him to try resolving his concerns directly with the agency. *Id.* ¶¶ 14-15. On May 6, 2005, Hayes sent another email to the DOL explaining that he was concerned about his leave balances. *Id.* ¶ 16. On May 9, 2005, the DOL responded to Hayes' email and indicated that the DOL was in possession of an audit of Hayes' leave balances that was purportedly in existence as of April 11, 2003. *Id.* ¶ 19. Hayes claims that this audit does not

---

[2] Where, as here, the defendant files a Motion to Dismiss for failure to state a claim, the Court assumes all facts alleged in the Complaint are true. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

exist, and that the DOL lied to "stall for time and circumvent the EEO process" while the audit of Hayes' leave balances "was clandestinely being completed." *Id.* ¶ 21.  Hayes claims that the DOL repeated this "stalling tactic" in June 2005 by again informing him of a nonexistent audit that was in the DOL's possession as of May 2005.  *Id.* ¶ 24.

The DOL completed its audit of Hayes' leave balances on June 1, 2005, "confirming a 1/4 hour discrepancy in [] Hayes' sick leave balance [that] was based on inaccurate starting annual and sick leave balances."  *Id.* ¶ 25.  In addition to the 15-minute discrepancy, Hayes also faults the June 2005 audit because it did not reveal any missing annual leave "that represents compensation to [] Hayes when he returns to federal employment."  *Id.* ¶ 26.  Hayes further claims that Mike Allen, a DOL employee, admitted in December 2005 that there was not an audit of Hayes' leave balances in existence as of April 2003, which suggests to Hayes that "several of [the] DOL's employees lied regarding the existence of a signed and verified audit" of Hayes' leave balances.  *Id.* ¶¶ 28-30.

Hayes alleges that he has been "in limbo since April 2005 regarding reentering federal employment until this issue regarding his annual and sick leave balances has been resolved to his satisfaction."  *Id.* ¶ 36.  Hayes further alleges that the DOL's "brazen lies regarding the existence of an audit" and its "inaccurate June 1, 2005 audit" has caused Hayes "inconvenience, loss of income due to missed federal job opportunities, and irreparable damages to his federal leave balances, especially his annual leave balance that represents compensation when he returns to federal employment."  *Id.* ¶ 37.

The Secretary filed a Motion to Dismiss Hayes's Complaint for failure to state a claim on July 16, 2007.  Hayes filed an Opposition to the Secretary's Motion on October 1, 2007, and the

Secretary filed a Reply on October 26, 2007. The Motion has thus been fully briefed and is ripe for decision.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp.*, 127 S. Ct. at 1965 (citations omitted).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). Where, as here, an action is brought by a *pro se* plaintiff, the

Court must take particular care to construe the plaintiff's filings liberally for such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines*, 404 U.S. at 520-21. *See also Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). "Nonetheless, a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (quoting *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

### III.  DISCUSSION

Giving Hayes the benefit of all possible inferences, and construing his Complaint liberally as a *pro se* plaintiff, the Court identifies three possible claims: (1) discrimination and retaliation based on the DOL's "brazen lies" concerning an audit of Hayes's leave balances in 2003; (2) discrimination and retaliation based on a 15-minute discrepancy of Hayes's leave balances identified by a June 2005 audit; and (3) injuries based on unidentified annual leave that was not revealed by the June 2005 audit.  In the context of these claims, the Secretary raises three arguments based on the: (1) statute of limitations; (2) failure to exhaust administrative remedies; and (3) failure to state a claim.  The Court shall examine Hayes's claims in the context of each of the Secretary's three arguments presented in her Motion to Dismiss.

    *A.*    *Statute of Limitations*

The Secretary initially argues that Hayes failed to file his Complaint within the 90-day statutory time limit after Hayes's administrative complaint was denied and his Motion for Reconsideration was rejected.  Def.'s Mot. at 2.  The Secretary reasons that the EEO issued its decision on September 6, 2006.  *Id.* at 3.  The decision advised Hayes that he had 90 days from the date he received the decision to file a civil action.  *Id.*  Allowing five calendar days for

mailing, the Secretary argues that Hayes was required to initiate the instant action on or before December 11, 2006, but that he filed this action on December 26, 2006 (more than two weeks past due). *Id.*

Hayes exposes the flaw in the Secretary's logic in his Opposition by explaining that he filed his request to proceed *in forma pauperis* on December 4, 2006 (prior to the December 11, 2006 deadline for filing an action), which had the effect of tolling the limitations period until the Court ruled on his request. *See* Pl.'s Opp'n at 1-2. Hayes accurately describes the law in this and other circuits that tolls the 90-day time period while a *pro se* plaintiff waits for a court's ruling on an *in forma pauperis* application. *See Glenn v. Williams*, 2006 U.S. Dist. LEXIS 8687 at *33 (D.D.C. Feb. 21, 2006) ("[t]here is a significant body of case law, within and without the Circuit, indicating that tolling should apply [while the Court reviews an *in forma pauperis* application]"). Faced with Hayes' argument, the Secretary abandons her statute of limitations argument in her Reply. *See* Def.'s Reply at 1-7. Accordingly, the Court finds that Hayes timely filed the present suit.

  B.  *Exhaustion*

The Secretary next argues that Hayes failed to exhaust his administrative remedies, as reflected in the CRC's decision finding the same. *See* Def.'s Mot. at 3 n.2 & Ex. 1 at 1-2 (CRC Decision). The CRC dismissed Hayes' complaint because he failed to contact an EEO counsel within 45 days from when he became aware of the issues associated with his sick and annual leave balances in 2001 and 2002. *See* Def.'s Mot., Ex. 1 at 1-2 (CRC Decision). Summarizing Hayes' EEO complaint, the CRC stated:

> [Hayes] explained that, in November 2001, 'management acknowledged that [his]

7

>annual and sick leave balances were out of sync.' [He] maintained that [he] requested administrative time to reconcile the balances but [it was] denied in November 2001, February 2002, and June 2002. [He] also [indicated] that management 'came up with an arbitrary figure regarding [his] annual and sick leave balances without performing an [sic] audit' in July 2002, and, in April 2003, 'claim[ed] to have performed' an audit. In conclusion, [he] alleged that management did not perform an audit until June 2005, which, however, did not 'correct' the leave balances.

*Id.* On the basis of Hayes' explanation, the CRC denied Hayes' complaint because he did not contact an EEO Counselor until May 2005, more than 45 days from when he first raised these issues in 2001 and 2002. *Id.* Piggybacking on the CRC's analysis, the Secretary argues that Hayes's "case should be dismissed because he did not timely exhaust his administrative remedies." Def.'s Reply at 2.

Hayes fails to respond to the Secretary's exhaustion argument which, by itself, provides grounds for dismissal of his claims. *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)). Nevertheless, even if the Court were to consider the Secretary's argument on the merits, it is clear that certain of Hayes' claims must be dismissed for failing to exhaust his administrative remedies.

Under 29 C.F.R. § 1614.105(a)(1), an aggrieved party must initiate contact with an EEO counselor within 45 days of the date of the alleged discrimination or retaliation. *See McCants v. Glickman*, 180 F. Supp. 2d 35, 39 (D.D.C. 2001). The 45-day period runs from the time of the adverse act, not discovery of a discriminatory motive. *Id.* at 40 (citing *Delaware State College v.*

*Ricks*, 449 U.S. 250 (1980)). That time limit is not jurisdictional, however, so it is subject to "equitable tolling, estoppel, and waiver." *Id.* The D.C. Circuit has explained that equitable considerations will only be used to toll Title VII time limitations "in extraordinary and carefully circumscribed instances." *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988). A plaintiff bears the burden of pleading and proving any equitable reasons for failing to meet the 45-day time limit to contact an agency's EEO counsel. *See Slatz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982).

Hayes alleges that the DOL's June 2005 audit failed to reveal missing annual leave that he apparently believes he was owed. Compl. ¶ 26. Hayes's Complaint fails to explain any of the circumstances surrounding this missing leave, but the emails he attaches to his Opposition make it clear that he raised the issue of missing leave with his supervisors in 2001 and 2002. *See* Pl.'s Opp'n, Ex. 3-5 (emails between Hayes and his supervisors concerning his missing or inaccurate leave balances sent in November 2001, February 2002, and June 2002). For example, Hayes explained to his supervisor in a June 2002 email that he "met with Sandy McCain to discuss the disparities in [his] leave balances."). *Id.*, Ex. 5 at 1. Hayes also alleges in his Opposition that the DOL denied him the opportunity to audit his own annual and sick leave balances. *Id*. at 3. Although Hayes does not include any facts supporting this allegation in his Complaint (nor the date(s) on which he was denied administrative leave), the emails he attaches to his Opposition again make it clear that this allegation relates to events from 2002, when Hayes' supervisor denied him administrative leave to audit his leave balances until he completed the work that had been assigned to him. *See id.*, Ex. 4 (Emails between Hayes and supervisors sent February 2002) (responding to Hayes request for administrative leave, Hayes's supervisor stated "you may

9

perform this administrative task after you have completed answering the outstanding emails assigned to you"). Consistent with the CRC's analysis, the Court finds that Hayes failed to initiate administrative review with respect to his leave balances within 45 days, as he waited until May 2005 to contact an EEO counselor concerning the same. Accordingly, Hayes' claims concerning these 2001 and 2002 acts must be dismissed for failure to exhaust his administrative remedies.

In contrast to the above, Hayes has asserted two claims that do not necessarily relate to the 2001 and 2002 period: (1) In mid-2005, several DOL employees allegedly lied to Hayes about a non-existent 2003 audit, and (2) the DOL released a June 2005 audit that identified a 15-minute discrepancy. That these claims might not relate to events in 2001 and 2002 apparently went unnoticed by the Secretary, whose perfunctory exhaustion argument does not provide any insight into why these claims should be treated as unexhausted. Because it appears that these claims are not subject to dismissal based on exhaustion (they relate to actions of the DOL in mid-2005), the Court shall proceed to the merits of Plaintiff's claims.[3]

C.    *Failure to State a Claim*

To succeed on a claim of discrimination under Title VII, a plaintiff has the initial burden of establishing a *prima facie* case of discrimination by showing that (1) he is a member of a protected class, (2) he suffered an adverse employment action, and (3) the unfavorable action gives rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S.

---

[3] Exhaustion is not a jurisdictional prerequisite to plaintiff's claims, and therefore, the Court need not resolve definitively that these claims have, in fact, been subject to administrative exhaustion. *See Broom v. Caldera*, 129 F. Supp. 2d 25, 29 (D.D.C. 2001) ("exhaustion [is] not jurisdictional in nature but rather [is a] statutory condition[] precedent to the instigation of litigation") (quoting *Kennedy v. Whitehurst*, 690 F.2d 951, 961 (D.C. Cir. 1982)).

792 (1973); *Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2002). A *prima facie* case of retaliation requires a plaintiff to show that: (1) he engaged in statutorily protected activity; (2) the employer took an adverse action; and (3) there is a causal relationship between the two. *See Clipper v. Billington*, 414 F. Supp. 2d 16, 25 (D.D.C. 2006) (citing *Romero-Ostolaza v. Ridge*, 370 F. Sup. 2d 139, 148 (D.D.C. 2005)). A plaintiff may survive a motion to dismiss without pleading each of these *prima facie* elements. *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000) (explaining that the phrase "I was turned down for a job because of my race" is sufficient to survive a motion to dismiss). Courts may, however, explore a plaintiff's complaint at the dismissal stage to determine whether a plaintiff can ever establish a *prima facie* case. *See Rattigan v. Gonzales*, 503 F. Supp. 2d 56, 72 (D.D.C. 2007); *Runkle v. Gonzales*, 391 F. Supp. 2d 210, 221 (D.D.C. 2005). In this regard, the Secretary argues that Hayes's claims of discrimination and retaliation must be dismissed because he cannot demonstrate the existence of an adverse employment action that is required for any Title VII claim against an employer.[4] Def.'s Mot. at 5. The Court agrees.

For purposes of a discrimination claim, "an employee suffers an adverse employment action if he experiences materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harms." *Forkkio v. Powell*, 306 F.3d 1127, 1131 (D.C. Cir. 2002)

---

[4] Because Hayes asserts both discrimination and retaliation claims, the Secretary's Motion should more accurately state that Hayes cannot demonstrate the existence of any "adverse action," as retaliation claims may be based on harms that are not employment-related. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 54, 126 S. Ct. 2405, 2414 (2006) ("The scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm").

(citing *Brown v. Brody*, 199 F.3d 446, 457 (D.C. Cir. 1999)). Similarly, Title VII protects employees "not from all retaliation, but from retaliation that produces an injury or harm." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 2414 (2006). The "injury or harm" must be sufficiently material to dissuade a reasonable worker from making or supporting a charge of discrimination. *Id.* at 2415 ("[w]e speak of *material* adversity because we believe it is important to separate significant from trivial harms") (emphasis in original).

Hayes has failed to identify a materially adverse consequence giving rise to a claim for either discrimination or retaliation. He explains that the uncertainty surrounding his leave balances has left him "in limbo," and that he has suffered "inconvenience" as a result of the DOL employees' inaccurate statements concerning a 2003 audit and a 15-minute discrepancy identified by the June 2005 audit. The courts in this Circuit have consistently held that a plaintiff's subjective feelings of harm cannot form the basis of an adverse action. *See Forkkio*, 306 F.3d at 1130-31 (D.C. Cir. 2002) ("[p]urely subjective injuries, such as . . . public humiliation or loss of reputation are not adverse actions") (internal citations omitted); *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006) ("not everything that makes an employee unhappy is an actionable adverse action") (quoting *Manning v. Metro. Life Ins. Co.*, 127 F.3d 686, 692 (8th Cir. 1997)); *Childers v. Slater*, 44 F. Supp. 2d 8, 19 (D.D.C. 1999) ("Mere inconveniences will not rise to the level of adverse action"), *vacated in part on other grounds*, 197 F.R.D. 185 (D.D.C. 2000); *Carmona v. Snow*, 2007 U.S. Dist. LEXIS 21080 * 29 (D.D.C. Mar. 26, 2007) ("Although plaintiff certainly has established that her assigned office is an inconvenience to her, she cannot meet her *prima facie* burden of establishing discrimination based on 'mere inconvenience.'") (quoting *Sanders v. N.Y. City Human Res. Admin*, 361 F.3d

749, 755 (2d. Cir. 2004)), *summarily aff'd*, 2007 U.S. App. LEXIS 26167 (D.C. Cir. Nov. 6, 2007); *Dickerson v. Sectek, Inc.*, 238 F. Supp. 2d 66, 75 (D.D.C. 2002) (no adverse action in gender discrimination case where plaintiff's only harm "was physiological – the stress that she endured when faced with the prospect of losing her position").

Hayes comes closer to identifying an adverse action by alleging that he has "missed federal job opportunities," and has suffered "irreparable damage to his federal leave balances," Compl. ¶ 37, but he ultimately "plead[s] himself out of court," *Sparrow*, 216 F.3d at 1116, by explaining that he has not applied for any federal position and has not yet suffered any actual harm. *See* Compl. ¶ 26 (explaining that Hayes believes he will be harmed "when he returns to federal employment"); *id.* ¶ 36 (explaining that Hayes has been "in limbo since April 2005 regarding reentering federal employment until this issue regarding his annual and sick leave balances has been resolved to his satisfaction"). Because Hayes's Complaint pleads that the consequences of the DOL's alleged discriminatory or retaliatory acts are only speculative harms, Hayes's claims must be dismissed at this stage. *See, e.g., Dage v. Johnson*, 2008 U.S. Dist. LEXIS 14086 at *51 (D.D.C. Feb. 27, 2008) ("[Plaintiff] was never actually removed from the [] program. His anxiety, while perhaps understandable given his delicate health condition, was speculative, subjective, and ultimately unfounded. Purely subject harm of this nature does not represent an actionable adverse action."); *Coleman v. Dist. of Columbia*, 2006 U.S. Dist. LEXIS 59117 at * 14 (D.D.C. Aug. 22, 2006) ("mere speculation that a letter of reprimand *may* lead to future punishment is insufficient to establish an adverse employment action"); *Vargas v. Martinez*, 2005 U.S. Dist. LEXIS 7983 at *11 ("[Plaintiff's] speculative injury cannot form the basis of an adverse employment action – he has produced no evidence that he applied for and

was denied a job because [his employer's actions]"). Similarly, the D.C. Circuit has repeatedly held that threats of *future* adverse actions are not tangible harms that may constitute adverse actions. *See Forkkio*, 306 F.3d at 1131 ("threats . . . do not rise to the level of an adverse employment action because they result in no materially adverse consequences or objectively tangible harm"); *Lutkewitte v. Gonzales*, 436 F.3d 248, 271 (D.C. Cir. 2006) (Brown, J., concurring) ("Threats of future adverse actions . . . may culminate in a tangible employment action if carried out, but they do not themselves meet the standard."). Moreover, the idea that the DOL's misstatements about a 2003 audit or a 15-minute discrepancy in the DOL's June 2005 audit could lead to "irreparable damage" is implausible on its face, *see Bell Atl. Corp.*, 127 S. Ct. at 1974 (holding that a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face"), and fails to surpass the minimum threshold necessary to plead more than a *de minimus* harm. *See Rochon*, 438 F.3d at 1219 (explaining that the D.C. Circuit has identified a "*de minimus*" threshold for both discrimination and retaliation claims). Accordingly, Hayes' claims based on the alleged misstatements of DOL employees and the DOL's June 2005 audit must be dismissed for failure to state a claim.

## IV CONCLUSION

For the reasons set forth above, the Court shall grant Defendant's [8] Motion to Dismiss. This case shall be dismissed in its entirety.


Date:   April 2, 2008

                              /s/
                              COLLEEN KOLLAR-KOTELLY
                              United States District Judge